**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION**

**KASEY JACOBS and JAMES HANES,**

    **Plaintiffs,**

v.                                                                    Case No: 5:21-cv-73-CEM-PRL

**VILLAGE HOME CARE, LLC, JOY
L. RODAK and ZULFIGAR FAZAL,**

    **Defendants.**

## ORDER

This lawsuit arises under the False Claims Act ("FCA"), which allows private persons, known as relators, to bring civil actions, known as *qui tam* suits, on behalf of the United States for fraudulent claims. *United States ex rel. Clausen v. Lab. Corp. of Am.*, 290 F.3d 1301, 1307 (11th Cir. 2002).

In June 2014, Relators Kasey Jacobs and James Hanes initiated the instant FCA action by filing a complaint under seal (hereinafter the "Jacobs" case). (Doc. 1). The Complaint, which was fifty-five pages, alleged seven causes of action against Village Home Care LLC ("VHC"), its owner Joy L. Rodak, and three referring physicians arising out of a scheme involving alleged kickbacks, upcoding, and unnecessary home health services being billed to government healthcare programs. (Doc. 1). More than six months later, in January 2015, a second case was filed in the Middle District of Florida against VHC.[1] This second case (5:21-

---

[1] According to the Relators, a third case was brought against Village Home Care, LLC. in the Middle District, but the single relator in that case dismissed his claims in 2020.

cv-72-CEM-PRL) was filed by 3 relators—Katherine Brooks, Karen Swain, and Barbara Mellot-Yezman—and is known as the "Brooks" case.[2]

On September 21, 2020, the government filed its notice of election to intervene in part in the *Jacobs* action as to VHC and Ms. Rodak and in the *Brooks* action as to VHC. (*Jacobs* case, Doc. 47; *Brooks* case, Doc. 59). The government also stated that it was intervening for purposes of settlement as to Dr. V. Reddy and Dr. K. Reddy. In November 2020, the United States filed its joint notice of settlement as to Dr. V. Reddy, who agreed to pay the government $100,000 and Dr. K. Reddy, who agreed to pay the government $61,943.44 based on their roles in the kickback allegations. (*Jacobs* case, Doc. 51; *Brooks* case, Doc. 61).

On December 21, 2020, the United States filed a consent motion in the *Brooks* case to consolidate the two cases because they both named VHC as a defendant "and allege[d] similar and overlapping claims regarding VHC's conduct. Specifically, both the *Jacobs* and *Brooks* actions allege that VHC submitted false claims for home health services." *Brooks* case, Doc. 65. This motion was ultimately denied via endorsed order because the United States failed to file a notice of the motion in the *Jacobs* case as required by M.D. Fla. Local Rule 1.07(b). (*Brooks* case, Doc. 76). A review of the docket in both cases shows that the motion was not re-filed.

In November 2022, the United States filed a notice of settlement as to its claims against VHC and Joy Rodak in both cases. (*Brooks* case, Doc. 101; *Jacobs* case, Doc. 86). VHC agreed to pay the government $225,000 and Ms. Rodak agreed to pay the government $105,000. On

---

[2] The instant case and the *Brooks* case were both initially filed in the Tampa Division and then were assigned new case numbers when they were transferred to the Ocala Division in February 2021.

March 22, 2023, the Defendants and counsel for the Jacobs' relators resolved the issue of attorneys' fees and costs in the *Jacobs* case (*Jacob* case, Doc. 98). Both cases were dismissed on June 28, 2023, pursuant to the joint stipulations of dismissal filed by the parties. (*Brooks* case, Doc. 109; *Jacobs*, Doc. 100). Now, at issue is which parties are entitled to the relators' share of the government's settlements with Defendants.

Relators Jacobs and Hanes argue that as the first to file, they should be the sole recipients of the relator share from the governments' settlements with Defendants. They represent that they have reached a relator sharing agreement with counsel for two of the relators in the *Brooks* action (Karen Swain and Barbara Mellot-Yezman). However, Ms. Brooks (the third relator), who is proceeding *pro se*, has apparently refused to join the relator sharing agreement with the other two relators, and takes the position that she is still entitled to a share of the recovery. The government is holding all relator share funds until this issue is resolved. Accordingly, Relators Jacobs and Hanes filed the instant motion.

Given that the government intervened in both the *Brooks* case and the *Jacobs* case, treated them as related, and ultimately settled both actions, the Court would benefit from hearing the government's position as to the instant motion and the appropriate allocation of the relator share funds. Accordingly, the government shall file a response within **10** days of this Order.

**DONE** and **ORDERED** in Ocala, Florida on September 13, 2023.

PHILIP R. LAMMENS
United States Magistrate Judge

c: Counsel of Record; Unrepresented Parties