UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**KASEY JACOBS and JAMES HANES,**

    **Plaintiffs,**

v().    Case No: 5:21-cv-73-CEM-PRL

**VILLAGE HOME CARE, LLC, JOY L. RODAK and ZULFIGAR FAZAL,**

    **Defendants.**

**ORDER**

This lawsuit arises under the False Claims Act ("FCA"), which allows private persons, known as relators, to bring civil actions, known as *qui tam* suits, on the United States' behalf for fraudulent claims.

The Relators in this action—Kasey Jacobs and James Hanes—filed their complaint in June 2014, alleging claims against Village Home Care LLC ("VHC"), its owner Joy L. Rodak, and three referring physicians arising out of a scheme involving alleged kickbacks, upcoding and unnecessary home health services being billed to government healthcare programs (the "*Jacobs*" case). (Doc. 1). More than six months later, in January 2015, a second case was filed in the Middle District of Florida against VHC.[1] This second case (5:21-cv-72-CEM-PRL) was filed by 3 relators—Katherine Brooks, Karen Swain, and Barbara Mellot-Yezman—and is

---

[1] In September 2015, a third case was brought against VHC, Rodak, and Dr. K. Reddy (and others) in the Middle District –*United States ex rel. Miller v. Internal Medicine of Ocala, LLC, et al.,* 5:15-cv-449 ("*Miller*" case). The single relator in the *Miller* case voluntarily dismissed his claims in October 2019. (*Miller*, Doc. 35).

known as the "*Brooks*" case.[2] In March 2015, the *Brooks* relators filed an amended complaint, which added Dr. V. Reddy and Dr. K. Reddy (and others) as defendants.

The United States ultimately intervened and reached settlements in both cases. At issue here, is which relators are entitled to the so-called "relator share"—or a 15% to 25% share of the settlement proceeds. The government is holding all relator share funds until this issue is resolved.

Relators Jacobs and Hanes argue that as the first to file, they should be the sole recipients of the relator share from the government's settlements with Defendants. They represent that they have reached a relator-sharing agreement with counsel for two of the relators in the *Brooks* action (Karen Swain and Barbara Mellot-Yezman). However, Ms. Brooks (the third relator), who is proceeding *pro se*, has refused to join the relator sharing agreement with the other two relators, but takes the position that she is nevertheless entitled to a share of the recovery.

In its recent response, the United States explained that:

> Commonly, when multiple *qui tam* actions have been filed and the United States reaches one or more settlements with defendants, the relators in the multiple cases will also reach agreement regarding entitlement to the relator share. When such agreement cannot be reached, however, the Court must apply the FCA's first-to-file provision to determine which relator is entitled to the relator share. Only after this determination has been made can the United States negotiate the share percentage and pay a relator share.

(Doc. 104).

---

[2] The instant case and the *Brooks* case were both initially filed in the Tampa Division and then were assigned new case numbers when they were transferred to the Ocala Division in February 2021.

Pursuant to the FCA's first-to-file rule, "[w]hen a person brings an action . . . no person other than the Government may intervene or bring a related action based on the facts underlying the pending action." 31 U.S.C. § 3730(b)(5). This means that "once one suit has been filed by a relator or by the government, all other suits against the same defendant based on the same kind of conduct would be barred." *United States ex rel., et al. v. H.I.G. Capital, LLC*, et al., No. 8:17-cv-983-T-33AEP, 2020 WL 5076712, *5 (M.D. Fla. August 26, 2020) (quoting *Cooper v. Blue Cross & Blue Shield of Fla., Inc.,* 19 F.3d 562, 567 (11th Cir. 1994)).

Because the *Jacobs* case was filed first, the Court must determine whether the *Brooks* case is sufficiently related to trigger the FCA's first-to-file bar. If it is triggered, then the *Jacobs* relators solely will be entitled to the relator share from the United States' settlements with Defendants. In an abundance of caution, the Court will afford the Relators in the *Brooks* case an opportunity, by **October 6, 2023**, to file a response to the instant motion. **The Clerk is directed to send this Order, as well as copies of the instant motion (Doc. 102) and the United States' response (Doc. 104) to the *Brooks* Relators (see addresses listed below).**

ORDERED in Ocala, Florida on September 22, 2023.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Katherine Brooks
1868 W Quaker Lane
Citrus Springs, FL 34434

Michael C. Addison, Esq.
1304 Alicia Ave.
Tampa, FL 33604
m@mcalaw.net